UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| LILAH R., by and through her guardian ad litem, ELENA A.,<br><br>Plaintiff,<br>v.<br><br>ANTHONY SMITH, *et al.*,<br><br>Defendants. | No. C 11-01860 MEJ<br><br>**ORDER GRANTING IN PART AND DENYING IN PART BERKELEY UNIFIED SCHOOL DISTRICT AND SUPERINTENDENT HUYETT'S MOTION TO DISMISS [Dkt. No. 10]** |

## I. INTRODUCTION

In this lawsuit, Plaintiff Lilah R., by and through her guardian ad litem, Elena A., alleges that she was subjected to sexual harassment by her high school counselor and that after she reported the conduct to school officials, they failed to take proper remedial action. Currently pending before the Court is Defendants Berkeley Unified School District ("BUSD") and BUSD Superintendent William Huyett's Motion to Dismiss Plaintiff's First Amended Complaint. Dkt. No. 10. Plaintiff has filed an Opposition (Dkt. No. 15), to which BUSD and Superintendent Huyett filed a Reply (Dkt. No. 18). On July 21, 2011, the Court held a hearing on the matter. After careful consideration of the parties' arguments, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion.

## II. BACKGROUND

Plaintiff is a student at Berkeley High School. First Am. Compl. ("FAC") at 1. She alleges that beginning in November 2009 and continuing through April 2010, she was subjected to severe and pervasive sexual harassment by her high school academic counselor, Defendant Anthony Smith. FAC ¶¶ 12-14. In particular, she alleges that during the course of the school year, Mr. Smith repeatedly made sexually suggestive comments to her, made inappropriate physical contact with her, followed her on campus and monitored her during the school day, and unnecessarily removed her from classes to speak with her. FAC ¶¶ 12-15. On April 29, 2010, Plaintiff reported Mr. Smith's

conduct to the high school vice principal, and BUSD placed Mr. Smith on administrative leave and undertook an investigation into Plaintiff's allegations. FAC ¶¶ 13,16. Thereafter, in July 2010, BUSD informed Plaintiff by letter that it had concluded its investigation and determined that Mr. Smith had "engaged in inappropriate and unprofessional behavior contrary to District policy," and that "the District will be taking appropriate personnel action" against Mr. Smith. FAC ¶ 17. Plaintiff alleges that in the letter, BUSD did not indicate that any steps had been taken to limit Mr. Smith's future contact with her. *Id.* On September 2, 2010, Plaintiff's parents obtained a temporary restraining order from the Alameda County Superior Court, requiring Mr. Smith to stay 100 yards away from Plaintiff and to have no communication with her. FAC ¶ 20. Plaintiff's parents also appealed BUSD's investigative finding and outcome to the Assistant Superintendent, to Superintendent Huyett, and to the Berkeley Board of Education. FAC ¶ 20. However, Plaintiff alleges that BUSD denied their appeal and request to transfer or remove Mr. Smith from his counseling position, thereby subjecting Plaintiff to the possibility of further sexual harassment and hostile educational environment. FAC ¶¶ 20-21.

Based on these allegations, Plaintiff asserts federal claims under 20 U.S.C. § 1681 (Title IX), and 42 U.S.C. § 1983, and state law claims for violation of California's Unruh Civil Rights Act (Cal. Civil Code §§ 51 and 52), violation of California Government Code § 11135, sexual battery, and negligence.

Defendants BUSD and Superintendent Huyett now move to dismiss each of Plaintiff's claims, with the exception of the sexual battery claim, which is asserted against Mr. Smith alone.

### III.  LEGAL STANDARD

A court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) when it does not contain enough facts to state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant

2

has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 557.)  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level."  *Twombly,* 550 U.S. at 555 (internal citations and parentheticals omitted).

In considering a motion to dismiss, a court must accept all of the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *See id.* at 550; *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Vasquez v. Los Angeles County*, 487 F.3d 1246, 1249 (9th Cir. 2007).

If the court dismisses the complaint, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*quoting Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990)).

## IV.  DISCUSSION

Defendants contend that Plaintiff has failed to plead sufficient facts to sustain her federal and state claims against them.  The Court will evaluate each claim in turn.

**A.     Violation of Title IX**

In her first claim, asserted against BUSD only, Plaintiff seeks damages for violation of Title IX, 20 U.S.C. § 1681.  FAC ¶¶ 23-31.  She alleges that Mr. Smith's harassing conduct " was so severe, pervasive, and persistent and so objectively offensive that it effectively barred her access to educational opportunities or benefits, and/or limited her ability to participate in, or benefit from, the education program, and/or created a hostile or abusive educational environment." FAC ¶ 25.  She alleges that Superintendent Huyett and BUSD officials "failed to respond adequately, which failure amounted to deliberate indifference to [her] rights and in so doing discriminated against [her] in its programs and activities in violation of 20 U.S.C. § 1681." FAC ¶ 26.  Plaintiff further alleges that Superintendent Huyett and BUSD failed to take prompt and effective action to end Mr. Smith's harassment, in that BUSD did not adequately inform Plaintiff of the outcome of the complaint and

1  subsequent appeals, failed to timely complete its investigation of the complaint, and failed to
2  adequately address the potential for continued harassment by allowing Mr. Smith to remain in his
3  position as counselor.  FAC ¶¶ 27-30.

4      BUSD moves to dismiss this claim, arguing that Plaintiff has failed to plead sufficient facts to
5  state a claim for violation of Title IX.  Mot. at 3.  Specifically, BUSD argues that Plaintiff's claim
6  fails because Plaintiff has not alleged facts demonstrating that: (1) BUSD had actual notice of the
7  alleged harassment before Plaintiff reported it to the high school vice principal on April 29, 2010; (2)
8  BUSD was deliberately indifferent once it learned of the alleged harassment; or (3) Plaintiff was
9  denied educational benefits or opportunities as a result of harassment that was severe or pervasive.
10 Mot. at 7.

11     1.    <u>Actual Notice</u>

12     Title IX provides in pertinent part: "No person in the United States shall, on the basis of sex,
13 be excluded from participation in, be denied the benefits of, or be subjected to discrimination under
14 any education program or activity receiving Federal financial assistance . . . ."  20 U.S.C. § 1681(a).
15 The Supreme Court has held that damages are available under Title IX for the sexual harassment of a
16 student by one of its teachers only if "an official who at a minimum has authority to address the
17 alleged discrimination and to institute corrective measures on the recipient's behalf has actual
18 knowledge of the discrimination in the recipient's programs and fails to adequately respond."  *Gebser*
19 *v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 277 (1998).

20     In *Gebser*, the Supreme Court "expressly declined to impose liability [under Title IX] on
21 'principles of respondeat superior or constructive notice," instead demanding actual notice to an
22 official of the defendant."  *Oden v. N. Marianas College*, 440 F.3d 1085, 1089 (9th Cir. 2006) (citing
23 *Gebser*, 524 U.S. at 285).  The "high standard imposed in *Gebser* sought to eliminate any 'risk that
24 the recipient would be liable in damages not for its own official decision but instead for its
25 employees' independent actions.'"  *Davis v. Monroe Cty. Sch. Dist.*, 526 U.S. 629, 643 (1999)
26 (quoting *Gebser*, 524 U.S. at 290-91).

27     In its Motion, BUSD contends that it did not have actual notice of the alleged sexual
28

4

harassment until April 29, 2010, when Plaintiff reported the incidents to the Berkeley High School vice principal. Mot. at 7 (citing FAC ¶¶ 13). It argues that because all of the alleged incidents of sexual harassment occurred prior to that date, it cannot be held liable under Title IX. *Id*.

In response, Plaintiff points to paragraph 18 of the First Amended Complaint, which provides:

> 18. In the course of their investigation, Huyett and BUSD had knowledge of a prior sexual harassment incident report that had been filed by a student against Smith. Plaintiff is informed and believes that there have been additional incidents of severe and/or persistent and/or pervasive sexual harassment by Smith during his tenure as a counsel at Berkeley High School and a BUSD employee.

Although omitted from her pleading, in her Opposition brief Plaintiff provides more detail, indicating Superintendent Huyett and BUSD knew of two other sexual harassment incident reports against Mr. Smith before Plaintiff first complained of Mr. Smith's alleged conduct in April 2010. Opp'n at 2. Citing decisions from the Eleventh and Tenth Circuits, Plaintiff then asserts that, "[f]ailure to act despite prior notice may constitute deliberate indifference by school personnel for purposes of Title IX." *Id*.

Both parties' arguments are misplaced. Contrary to BUSD's argument, the fact that the alleged harassment preceded the point when Plaintiff notified the vice principal of the conduct does not shield BUSD from liability. Rather, "[i]n sexual harassment cases, it is the deliberate failure to curtail known harassment, rather than the harassment itself, that constitutes the intentional Title IX violation." *Mansourian v. Regents of the Univ. of Cal.*, 602 F.3d 957, 966 (9th Cir. 2010). Because a school district may not be held liable under Title IX for inaction based on principles of *respondeat superior* or constructive notice, the import of the actual notice requirement is that it triggers the district's obligation to take corrective action and imposes liability if it fails to do so. *See id*.; *Gebser*, 524 U.S. at 290-91. Here, there is no dispute that by reporting Mr. Smith's alleged conduct to the vice principal on April 29, 2010, Plaintiff provided actual notice to an official with authority to address the alleged discrimination and institute corrective measures. Thus, to the extent that Plaintiff's Title IX claim is premised on BUSD's failure to take adequate action *following that notice*, Plaintiff's allegation that she reported the conduct on April 29, 2010 is sufficient to meet the actual notice element for purposes of pleading. As discussed in the following section, under this theory, the

1  question becomes whether BUSD's response *after it was put on notice* was so inadequate that it
2  amounted to deliberate indifference to the alleged discrimination against Plaintiff.  *See Garcia v.*
3  *Clovis Unif. Sch. Dist.*, 2009 WL 2982900, at *10 (E.D. Cal. Sept. 14, 2009) (holding that plaintiff
4  failed to allege facts demonstrating deliberate indifference by school district occurring after school
5  district received actual notice of harassment).

6  On the other hand, to the extent that Plaintiff seeks to base her Title IX claim on the theory
7  that BUSD was on notice of Mr. Smith's offending conduct before April 29, 2010, such that its
8  response prior to that date amounted to deliberate indifference, Plaintiff has failed to plead sufficient
9  facts to proceed on this theory.  Although it is clear that actual notice is required under *Gebser*, the
10 contours of what constitutes actual notice remains unresolved in this Circuit.  As several decisions
11 have recognized, reports of harassment by a teacher from students other than the plaintiff may be
12 sufficient to put the school on notice of the offending conduct.  *See, e.g., Doe v. Green*, 298 F. Supp.
13 2d 1025, 1032-34 (D. Nev. 2004) (summarizing standards for establishing "actual notice" among
14 federal courts and concluding that knowledge of similar harassment by teacher may be sufficient to
15 establish actual notice of specific harassment alleged by student); *Doe v. Alameda Unified Sch. Dist.*,
16 2006 WL 734348, at *3-4 (N.D. Cal. Mar. 20, 2006) (noting that "[o]ther courts have attempted to
17 define an appropriate standard that does not require the plaintiff-student to complain of the precise
18 type of harassment upon which the allegations are based, but which ensures that the school had
19 sufficient knowledge to implement remedial measures that should have addressed the alleged conduct
20 underlying the plaintiff's claims," and finding that report of inappropriate conduct toward another
21 child created triable issue of fact regarding whether school has actual notice of child molestation by
22 teacher); *Teran v. Hagopian*, 2008 WL 4826124, at *8 (E.D. Cal. Nov. 5, 2008) (recognizing that
23 plaintiff may show actual notice of sexual abuse based on prior report of teacher misconduct with a
24 different student filed one year before sexual abuse at issue), *Teran v. Hagopian*, 2009 WL 900743,
25 at *8 (E.D. Cal. Mar. 31, 2009) (dismissing Title IX claim for failure to allege facts demonstrating
26 that prior report was sufficient to put school on notice of sexual abuse).  While Plaintiff cites several
27 decisions for their discussions regarding the deliberate indifference component of a Title IX claim,
28

1  Plaintiff fails to cite any relevant authority (such as those listed above) regarding prior reports of
2  harassment from individuals other than the plaintiff as establishing actual notice.  Nevertheless, at
3  this juncture, if Plaintiff wishes to pursue her Title IX claim on the theory that BUSD has actual
4  notice of harassment by Mr. Smith at some point prior to April 29, 2010, Plaintiff must plead more
5  than the vague allegations set forth in paragraph 18 and must be prepared to establish that the prior
6  reports meet the actual notice standard under relevant case law.  Because she has failed to do this, the
7  Court will limit her Title IX claim to BUSD's response after April 29, 2010.

        2.        <u>Deliberate Indifference to the Alleged Misconduct</u>

9  Next, BUSD argues that Plaintiff has failed to plead facts demonstrating that BUSD was
10 deliberately indifferent to Mr. Smith's alleged misconduct.  Mot. at 7-8.  It argues that Plaintiff's
11 allegations show that BUSD responded immediately to Plaintiff's report of the alleged harassment
12 and took reasonable steps to remedy the situation.  Mot. at 8.  Plaintiff does not offer any direct
13 response to this challenge in her Opposition brief.  As a result, BUSD urges the Court to dismiss the
14 claim because Plaintiff has not and cannot plead facts establishing deliberate indifference.  The Court,
15 however, is not persuaded by BUSD's argument.
16 If actual notice is provided, a school district's response is deemed "deliberately indifferent"
17 only where the response "is clearly unreasonable in light of the known circumstances."  *Davis*, 526
18 U.S. 629, 648 (1999).  Under this standard, "[i]f an institution 'takes timely and reasonable measures
19 to end the harassment, it is not liable under Title IX for prior harassment.'"  *Doe v. Green*, 298 F.
20 Supp. 2d 1025, 1035 (D. Nev. 2004) (quoting *Wills v. Brown Univ.*, 184 F.3d 20, 26 (1st Cir. 1999)).
21 "If, on the other hand, an institution either fails to act, or acts in a way which could not have
22 reasonably been expected to remedy the violation, then the institution is liable for what amounts to an
23 official decision not to end discrimination."  *Id*. (citing *Gebser*, 524 U.S. at 290).  Deliberate
24 indifference is a high standard and requires that the plaintiff prove conduct that is beyond mere
25 negligence.  *See Garcia v. Clovis Unified Sch. Dist.*, 2009 WL 2982900, at * 9 (E.D. Cal. Sept. 14,
26 2009); *see also Oden*, 440 F.3d at 1089 ("Nonetheless the record fails to demonstrate that the delay
27 was more than negligent, lazy, or careless.").  Generally, deliberate indifference is a fact-intensive

inquiry and is often a question for the jury's determination. *Garcia*, 2009 WL 2982900, at *9; *see also Green*, 298 F. Supp. 2d at 1036. At the same time, however, the Supreme Court has expressly held that "[i]n an appropriate case, there is no reason why courts, on a motion to dismiss, for summary judgment, or for a directed verdict, could not identify a response as not 'clearly unreasonable' as a matter of law." *Davis*, 526 U.S. at 649.

Here, BUSD contends that Plaintiff has failed to allege any facts demonstrating that its response was unreasonable in light of the known circumstances. Instead, BUSD notes that Plaintiff has alleged that it took the following actions in response to the alleged discrimination:

- BUSD placed Mr. Smith on administrative leave in April or May 2010 while BUSD carried out its investigation, which was initiated on or about April 29, 2010. FAC ¶ 16.
- The investigation included interviews with Plaintiff's teachers and a three-hour interview of Plaintiff by BUSD's legal counsel. FAC ¶ 16. The investigation was conducted pursuant to BUSD's Board of Education Policy. *Id*.
- The investigation determined that Mr. Smith had "engaged in inappropriate and unprofessional behavior contrary to District policy," and the "the District will be taking appropriate personnel action" against him. FAC ¶ 17.
- Berkeley High School's vice principal and BUSD's assistant superintendent for human resources verbally assured Plaintiff that she would be assigned to a new academic counselor on a floor above Mr. Smith's office. FAC ¶ 19.
- Plaintiff was reassigned to a new counselor. FAC ¶ 22.
- Mr. Smith was instructed to remain in or close to the high school counseling center. FAC ¶ 22.[1]

Mot. at 8; Reply at 3. BUSD argues that after the foregoing steps were implemented, Plaintiff has not

---

[1] BUSD also cites Plaintiff's allegation that her parents obtained a temporary restraining order requiring Mr. Smith to stay 100 yards away from Plaintiff and to have no communication with her. Reply at 3 (citing FAC ¶ 20). Given that BUSD had no role in obtaining the TRO, it is unclear why the Court should consider it as one of the steps BUSD took in response to the harassment allegations.

faced any severe or pervasive sexual harassment by Mr. Smith, but has only had "chance encounters" with him and observed him walking on other parts of the campus. Reply at 4 (citing FAC ¶ 22). BUSD thus argues that the Court should find that its response was not clearly unreasonable as a matter of law. *Id.*

Notwithstanding Plaintiff's failure to respond to BUSD's challenge, the Court is not convinced that the issue is suitable for resolution at the pleading stage. While Plaintiff's First Amended Complaint details the steps BUSD took in response to Plaintiff's allegations of sexual harassment by Mr. Smith, Plaintiff has also set forth several allegations regarding the inadequacy of BUSD's response. In particular, Plaintiff has alleged that BUSD: failed to timely complete the investigation within 30 days, as prescribed under the Board of Education's Policy (FAC ¶ 28); failed to address what steps would be taken to limit Mr. Smith's future contact with Plaintiff in its letter notifying her of the outcome of the investigation (FAC ¶ 17); failed to take adequate steps to limit or prevent Mr. Smith's contact with Plaintiff beyond assigning her to a different academic counselor on a different floor (FAC ¶¶ 19, 29); and refused Plaintiff's request to transfer or remove Mr. Smith from his counseling position (FAC ¶ 20). As a result of these alleged inadequacies in its response, Plaintiff alleges that she has encountered Mr. Smith on campus and felt that he was glaring at her. FAC ¶ 22. Plaintiff also alleges that she has seen Mr. Smith walking on other parts of the high school campus despite his having been instructed to stay in or close to the counseling center. *Id.*

As indicated above, whether BUSD's response amounted to deliberate indifference to the alleged discrimination is a fact-driven inquiry. Here, Plaintiff has come forward with some plausible allegations as to how BUSD's response was deficient or not reasonably expected to remedy the violation. Moreover, although BUSD has cited to Plaintiff's allegations concerning the steps it did take – which BUSD maintains were sufficient – the Court cannot say that the allegations, without more, are sufficient to compel a finding that BUSD's response did not amount to deliberate indifference. The allegations BUSD cites merely indicate that it investigated Plaintiff's allegations, considered Plaintiff's appeals, and took some steps to limit Plaintiff's contact with Mr. Smith, which mainly consisted of transferring Plaintiff to an academic counselor on a different floor than Mr.

9

1  Smith. However, the Court cannot determine whether these actions were sufficient in the context of
2  Mr. Smith's alleged conduct to protect Plaintiff from future harassment. Rather, the full scope of
3  BUSD's remedial measures must be fleshed out and the question whether such measures were
4  unreasonable in light of the known circumstances should be resolved at the summary judgment stage
5  on a fully-developed factual record. *See Green*, 298 F. Supp. 2d at 1036; *Alameda Unified Sch. Dist.*,
6  2006 WL 734348, at *4.

7  However, to the extent that Plaintiff is alleging that BUSD was on notice of prior similar
8  conduct by Mr. Smith based on reports from other students and failed to take appropriate action in
9  response, because Plaintiff has failed to plead sufficient facts regarding how BUSD was on notice of
10 such prior incidents, Plaintiff cannot proceed on a theory that BUSD's response to those earlier
11 reports amounted to deliberate indifference.

12        3.    <u>Severe and Pervasive</u>

13  Defendant next moves to dismiss Plaintiff's Title IX claim on the ground that Plaintiff has
14 failed to plead facts establishing that Mr. Smith's conduct was so severe or pervasive that it deprived
15 her of access to educational opportunities or benefits. Mot. at 9. In a teacher-on-student Title IX
16 sexual harassment case, the student must show that the harassing conduct was so severe or pervasive
17 that the student was deprived of access to the education benefits or opportunities provided by the
18 school. *See Stanley v. Trustees of the Cal. State Univ.*, 433 F.3d 1129, 1137 (9th Cir. 2006). BUSD
19 argues that Plaintiff has failed to plead sufficient facts demonstrating that Mr. Smith's purported
20 conduct rose to this level. The Court, however, disagrees. Reviewing Plaintiff's pleading, Plaintiff
21 has alleged that Mr. Smith's conduct occurred continuously over the course of six months. She
22 alleges that Mr. Smith spanked her buttocks, asked her what she wore to bed and if she slept naked,
23 put his face in her chest and rubbed her back; made remarks about her physical appearance and
24 clothes; asked if she wanted to "work out" with him; caressed her thigh on several occasions; brushed
25 hair off her face, smelled her neck, and monitored her during the school day. *See* FAC ¶¶ 13-14.
26 Further, Plaintiff has alleged that Mr. Smith's conduct caused her emotional distress, made her feel
27 uncomfortable at school at times cry and tremble, and made her fearful of encountering Mr. Smith on
28

campus. Thus, Plaintiff has not alleged minor, isolated incidents, but has alleged a pattern of behavior by Mr. Smith consisting of both suggestive comments and physical contact that caused Plaintiff emotional and physical stress while at school. At the pleading stage, the Court finds that these allegations are sufficient to on the element of severity and pervasiveness for Plaintiff to maintain her Title IX claim.

### 4. Summary

In sum, the Court finds that Plaintiff has adequately pled a claim for violation of Title IX against BUSD based on its response after it was notified of Plaintiff's claim on April 29, 2010. The Court therefore **DENIES** BUSD's request to dismiss the claim on this theory.

However, to the extent that Plaintiff seeks to base her claim on any action or inaction by BUSD prior to April 29, 2010, Plaintiff has failed to adequately plead that BUSD received actual notice prior to that date. Plaintiff's Title IX claim based on that theory is therefore **DISMISSED WITHOUT PREJUDICE**.

## B. Section 1983 Claim

Plaintiff brings her second claim pursuant to 42 U.S.C. § 1983 for violation of her right to be free from discrimination on the basis of sex. FAC ¶¶ 32-35. Defendants move to dismiss this claim, arguing that because Plaintiff has failed to plead an actionable claim for violation of Title IX, her § 1983 claim necessarily fails, as well. Mot. at 12; Reply at 5. However, as discussed above, Plaintiff has sufficiently stated a claim for violation of Title IX. Defendants' argument therefore lacks merit.

In a footnote, Defendants also contend that "because Superintendent Huyett is sued in his official capacity, claims against him under a *Monell* theory are redundant and subject to dismissal." Mot. at 12 n.1. However, under *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480 (1986), "municipal liability may be imposed for a single decision by municipal policymakers under appropriate circumstances." "Liability may be imposed based on actions of other officials 'whose edicts or acts may fairly be said to represent official policy.'" *Alameda Unified Sch. Dist.*, 2006 WL 734348, at *6 (quoting *Monell*, 436 U.S. at 694). Thus, "if a decision to adopt certain action is made by 'authorized decision-makers,' then that action is an official government policy that satisfies *Monell*." *Id*. (quoting

11

*Pembaur*, 475 U.S. at 481). Accordingly, it may be possible for Plaintiff to assert a § 1983 claim against Superintendent Huyett if Plaintiff can show that he possessed final authority to establish municipal policy with respect to the action ordered. *Id.*[2]

Defendants also argue that "since Plaintiff cannot state a cause of action against Superintendent Huyett under Title IX, her § 1983 action against Superintendent Huyett should also be barred." Reply at 5. However, because Defendants raise this argument in their Reply, Plaintiff did not have an opportunity to respond. The Court therefore declines to address this argument. *See Ass'n of Irritated Residents v. C & R Vanderham Dairy*, 435 F. Supp. 2d 1078, 1089 (E.D. Cal. 2006) ("It is inappropriate to consider arguments raised for the first time in a reply brief.").

Based on the arguments presented, there is no basis to dismiss Plaintiff's § 1983 claim.

**C.    Unruh Civil Rights Act Claim**

In her third claim, Plaintiff seeks damages for violation of California's Unruh Civil Rights Act, California Civil Code sections 51 and 52. FAC ¶¶ 36-38.

Without citation to any authority, Defendant assert that, "[j]ust as Title IX requires, the acts alleged under Civil Code section 51 . . . must rise to a very high level, pervasive or severe sexual harassment. As stated earlier, [P]laintiff has pled insufficient facts to meet this burden." Mot. at 12. However, as discussed above, Plaintiff has set forth sufficient allegations regarding the severity and pervasiveness of the sexual harassment at issue. Defendants' challenge is therefore unavailing.

Defendants further argue that Plaintiff's claim fails because "the FAC acknowledges that BUSD was not deliberately indifferent but took immediate action for [P]laintiff and against Smith in response her allegations." Mot. at 12. However, based on the finding that Plaintiff has pled sufficient facts going to the deliberate indifferent element of her Title IX claim, this argument fails as well.

Based on the arguments presented, there is no basis to dismiss Plaintiff's claim for violation of California's Unruh Civil Rights Act.

---

[2]  The Court makes no finding as to whether Plaintiff has sufficiently alleged that a policy, practice, or custom existed.

### D. California Government Code section 11135

In her fourth claim, Plaintiff seeks equitable relief for violation of California Government Code section 11135. FAC ¶¶ 39-43. Section 11135(a) states:

> No person in the State of California shall, on the basis of ethnic group identification, religion, age, sex, color, or physical or mental disability, be unlawfully denied the benefits of, or be unlawfully subjected to discrimination under, any program or activity that is funded directly by the state or receives any financial assistance from the state.

In their Motion, Defendants argue that because Plaintiff has failed to adequately plead a Title IX claim, Plaintiff's section 11135 claim fails as well. Mot. at 13. Again, to the extent that the Court has found that Plaintiff has stated an actionable claim under Title IX, Defendants' argument fails.

In their Reply, Defendants also argue that Plaintiff lacks standing to pursue her section 11135 claim. However, because Defendants raised this argument for the first time in their Reply, the Court declines to address it. *See Ass'n of Irritated Residents*, 435 F. Supp. 2d at 1089.

Accordingly, Defendants have not established a basis to dismiss Plaintiff's claim under Government Code section 11135.

### E. Negligence

Plaintiff's sixth claim against Defendants is for negligence. FAC ¶¶ 46-48. In her First Amended Complaint, Plaintiff alleges that Defendants owe her a duty to use due care "to prevent sexual harassment, sexual battery (Cal. Civil Code § 1708.5), and other tortious behavior from occurring, and, upon learning of such acts, to take prompt and appropriate action to remedy the situation." FAC ¶ 46. She alleges that Defendants "failed to use the due care of a reasonably prudent person, and that required by statutory, regulatory, administrative and common law standards, including in supervising, instructing, training and disciplining Smith," thereby causing her physical and emotional injuries. FAC ¶¶ 47-48.

Defendants move to dismiss Plaintiff's negligence claim, contending that Plaintiff has failed to identify a statutory basis for the claim as required under California law. Mot. at 13-14. In response, Plaintiff argues that she has alleged violation of several federal and state statutes. Opp'n at 9. She thus maintains that "BUSD's negligent failure to properly supervise, instruct, train, and/or

13

1 discipline [Mr.] Smith allowed him to violate all of these statutes and BUSD may be held directly
2 responsible for those statutory violations." *Id*. at 10.

3        To the extent that Plaintiff seeks to assert a claim against Defendants for negligent
4 supervising, training, and/or discipline or for failing to protect Plaintiff from sexual harassment – as
5 indicated in her Opposition – Plaintiff must allege sufficient facts supporting *each of these theories of*
6 *negligence*.  Because Plaintiff's pleading contains nothing more than a recitation of the elements for
7 negligence, the Court **GRANTS** Defendants' request to dismiss Plaintiff's negligence claim, but
8 **GRANTS** Plaintiff leave to amend.

## V.  CONCLUSION

10        For the reasons stated above, the Court **GRANTS IN PART** and **DENIES IN PART**
11 Defendants' Motion to Dismiss as follows: The Court **GRANTS** Defendants' Motion to Dismiss
12 Plaintiff's Title IX claim to the extent it is premised on BUSD's actions prior to April 29, 2010.  The
13 Court **GRANTS** Defendants' Motion to Dismiss Plaintiff's negligence claim.  The Court further
14 **GRANTS** Plaintiff leave to amend as to these claims.  The Court **DENIES** Defendants' Motion as to
15 all other claims.

16        Plaintiff shall file any amended complaint within 21 days of the date of this Order, and
17 Defendants shall file a responsive pleading within 14 days after Plaintiff files her second amended
18 complaint.  If Plaintiff fails to file an amended complaint within 21 days, Defendants shall file an
19 answer to the claims remaining in her First Amended Complaint within 14 days thereafter.

20       **IT IS SO ORDERED.**

22 Dated: July 22, 2011

                                               Maria-Elena James
                                               Chief United States Magistrate Judge